# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

KEITH D. WASHINGTON,
   *Plaintiff*

Vs

Massachusetts Commission Against Discrimination

04 12141 DPW

MARY C. GARIPPO, in her individual and official
Capacity as Investigator at Massachusetts
Commission Against Discrimination;

MAGISTRATE JUDGE Cohen

KATHERINE M. MARTIN, ESQ. in her individual and
Official Capacity as Supervisor at Massachusetts
Commission Against Discrimination;

DOUGLAS T. SCHWARTZ, in his individual and official
Capacity as Investigating Commissioner, at
Massachusetts Commission Against Discrimination;

DORCA I. GOMEZ, in her individual and official
capacity as Chairwomen at Massachusetts Commission
Against Discrimination

   *Defendant(s)*

RECEIPT # 5920S
AMOUNT $150
SUMMONS ISSUED YES
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. TDM
DATE 10/12/04

## COMPLIANT AND DEMAND FOR JURY TRIAL

Plaintiff, Keith D. Washington, pro se files this compliant and says as follows:

### JURISDICTION AND VENUE

1. Original jurisdiction is conferred upon this Court by title 28 U.S.C. 1333(3) as this compliant sufficiently alleges state actions subjecting the plaintiff to actual deprivation of civil rights guaranteed by the First and Fourteenth Amendments to the Constitution of the United States and arising under the Civil Rights Act 42 U.S.C. section 1983. Jurisdiction of this Court is also invoked pursuant to 28 U.S.C. 1332 since the controversy is between citizens of different States and the action is for more than $75,000.00. This Court has jurisdiction over all claims arising from Massachusetts state and

common law through supplemental jurisdiction pursuant to 28 U.S.C. Section 1367 (a). All claims in this compliant arise from the same set of operative facts and thus form part of the same case or controversy under Article III of the United States Constitution.

2. Venue lies in the District of Massachusetts under 28 U.S.C. 1391; the causes of actions set forth herein having arisen in the City of Boston, Massachusetts, within this judicial district and related litigation occurred within this judicial district.

**PARTIES**

3. Plaintiff Keith D Washington, [hereinafter referred to as "KDWASH"] is not a public figure and currently a resident of Atlanta, Georgia.

4. Defendant Massachusetts Commission Against Discrimination [hereinafter referred to as "MCAD"] is sued in its capacity as the state agency responsible for ensuring equality of opportunity by enforcing the Commonwealth's anti-discrimination laws in employment, housing, public accommodations, credit, mortgage lending, and education. Established by Massachusetts General Law Chapter 151B, Section 3, the Commission enforces General Law Chapter 149, Section 105D, Chapter 151B, Chapter 151C, Chapter 272, Section 92A, Section 98 and Section 98A, and Chapter 111, Section 199A.

5. Defendant Mary C. Garippo. [hereinafter referred to as "Investigator"] was at all times mentioned in this compliant assigned to the Boston Office of MCAD and was the designated investigator assigned to Compliant # 97BEM-3045, Washington v. State Street Bank & Trust Company.

6. Defendant Katherine M. Martin, Esq., [hereinafter referred to as "Supervisor"] was at all times mentioned in this compliant assigned to the Boston Office of MCAD and was the designated supervisor assigned to Compliant # 97BEM-3045, Washington v. State Street Bank & Trust Company.

7. Defendant Douglas T. Schwarz, [hereinafter referred to as "Investigating Commissioner"] is sued in his official capacity as part of the governing

body of "MCAD" responsible for establishing policy and was at all times mentioned in this compliant was the designated investigating commissioner assigned to oversee Compliant # 97BEM-3045, Washington v. State Street Bank & Trust Company.

8. Defendant Dorca I. Gomez, [hereinafter referred to as "Chairwomen"] is sued in her official capacity as head of the governing body of "MCAD" responsible for establishing policy.

## COUNT ONE-VIOLATION OF DUE PROCESS

9. Operating under the color of state law in violation of 42U.S.C. 1983, defendants violated plaintiffs constitutional rights – to due process, under the Fourteenth Amendment - deprived petitioner of liberty interest by publishing hotly disputed stigmatizing information regarding the reasons for plaintiffs separation from State Street Bank & Trust Company, without providing a name-clearing hearing.

## COUNT TWO-DEFAMATION

10. Defendants are guilty of Defamation for negligently publishing stigmatizing information regarding the reasons for plaintiffs separation from State Street Bank & Trust Company, which diminished his personal and professional respect, esteem, goodwill and deterred others from association.

## COUNT THREE-LIBEL

11. Defendants are guilty of libel for publishing false stigmatizing information regarding the reasons for plaintiffs' separation from State Street Bank & Trust Company, which diminished his personal and professional respect, esteem, goodwill and deterred others from association and precluded any opportunity for future employment within the financial services industry.

## COUNT FOUR-INVASION OF PRIVACY

12. Defendants are guilty of invasion of privacy for intentionally publishing false stigmatizing information regarding the reasons for plaintiffs' separation from State Street Bank & Trust Company which, diminished his personal and professional respect, esteem, goodwill, any reasonable

person of ordinary sensibilities would object to and with full knowledge of the resulting severe mental which would result.

### COUNT FIVE-NEGLIGENT MISREPRESENTATION

13. Defendants breached their duty of care under the Fourteenth Amendment and are guilty of negligent misrepresentation for publishing false stigmatizing information regarding the reasons for plaintiffs involuntary separation from State Street Bank & Trust Company which diminished his personal and professional respect, esteem, goodwill and deterred others from association without taking reasonable care to determine the truth or falsity of the information.

### BASIS FOR THE COMPLIANT

14. On or about December 17,1997, MCAD published the following Memorandum, prepared by "Investigator" and "Supervisor", and disseminated to the Equal Employment Opportunity Employment Commission, Boston Office and outside counsel for State Street Bank & Trust Company:

    *"The Commission cannot investigate Complaint's charge of discrimination because Compliant did not file his compliant within the six month statue of limitations. **After discovery of Complaint's improprieties of respondent's money, Respondent gave Compliant the option of resignation or termination**. Compliant chose to resign on September 9,1996. Compliant did not file his compliant with the Commission until July 25,1997. Complaint's allegations that Respondent retaliated against him by denying him unemployment and disability benefits as well as a severance package does not extend the statue of limitations. There is also insufficient evidence to indicate that Compliant was too disabled to file since he consulted with attorneys during the appropriate filing time. The compliant is dismissed for lack of jurisdiction."*

15. Plaintiff has written numerous letters to MCAD informing them of the falsity of their 1997 Memorandum and provided dispositive proof thereof.

In response MCAD has, (1) stood by it's findings; (2)re-affirmed its support for its findings; and (3) denied any liability for publishing defamatory statements. By acting in this manner MCAD and defendants herein engaged in negligent, irresponsible and libelous conduct to the harm and detriment of "KDWASH", and MCAD further ratified and encouraged the fraudulent and retaliatory conduct of State Street Bank & Trust Company and counsel.

16. Defendants' violated established federal law as defined by the U.S. Supreme Court[1], violated plaintiffs civil rights and acted in a grossly negligent manner, accordingly qualified immunity must be denied.
17. Equitable tolling of statue of limitations is justified as pro se petitioner, has not had legal representation, suffers from well documented severe mental disability which precluded timely filing and misrepresentations from MCAD representatives regarding potential liability under law.

### RELIEF REQUESTED

**WHEREFORE,** plaintiff respectively request that this Court::

- Enter judgment declaring unconstitutional defendant's publication of stigmatizing information without providing any opportunity for a name-clearing hearing.
- Enter Order directing MCAD to withdraw findings, notifying EEOC-Boston and counsel for State Street Bank & Trust Company.
- Issue **Order** directing MCAD to provide a full opportunity for a name clearing hearing.

---

[1] Board of Regents v Roth, 408 U.S. 564, 573 (1972); Wisconsin v. Constantineau, 400 U.S. 433, 437; Goldberg v Kelly 397 U.S. 254

- Plaintiff further request that the Court award:
    - Compensatory Damages in the amount of $25,000,000.00
    - Punitive Damages in the amount to be determined.
    - Court cost including all reasonable attorney's fees.

For such other and further relief that the Court deems just and proper.

Respectively submitted, this October 5, 2004

*KDW Washington*

KEITH D. WASHINGTON, PRO SE
6265 MAGNOLIA RIDGE
STONE MOUNTAIN, GEORGIA 30087
TEL: 770 465 4088
FAX: 770 465 8595
EMAIL: kdwash@aol.com