# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

KEITH D. WASHINGTON,
*Plaintiff*

Vs

Massachusetts Commission Against Discrimination

MARY C. GARIPPO, in her individual and official
Capacity as Investigator at Massachusetts
Commission Against Discrimination;

KATHERINE M. MARTIN, ESQ. In her individual an
Official Capacity as Supervisor at Massachusetts
Commission Against Discrimination;

DOUGLAS T. SCHWARTZ, in his individual and official
Capacity as Investigating Commissioner, at
Massachusetts Commission Against Discrimination;

DORCA I. GOMEZ, in her individual and official capacity
As Chairwomen at Massachusetts Commission
Against Discrimination
*Defendant(s)*

## PLAINTIFF'S MOTION FOR EQUITABLE TOLLING OF STATUE OF LIMITATIONS DUE TO MENTAL ILLNESS

Plaintiff, Keith D. Washington, pro se files this Motion and says he suffers from a well-documented mental disability.

### BASIS FOR THE MOTION

<u>Equitable Tolling In General</u>

The rationale for the judge-made doctrine of equitable tolling is to protect laypersons from the harsh consequences of strict application of procedural requirements. This is especially true for laypersons that seek redress for unlawful civil rights violations. A number of circuits have concluded that mental illness can justify equitable tolling. In Irwin v Department of Veterans Affairs, 498 U.S. 89 (1990), the Supreme Court held that there is a rebuttable presumption that all federal statues of limitations contain an implied equitable tolling provision. A

careful study of Supreme Court precedent, as well as that of the regional circuits, reveals that equitable tolling is available in a variety of circumstances including when a party has been mentally incapacitated. While the Supreme Court has yet to specifically address whether mental illness can justify equitable tolling, in *Irwin*, an employment discrimination case, petitioner claimed that the 30-day period prescribed in 42 U.S.C. section 2000e-16( c) should be tolled because his attorney was out of the country and did not, therefore personally receive the relevant notice. *498 U.S. at 91*. That case recognized that equitable tolling applied in suits against the government, but did not discuss the availability of tolling based on mental illness. *Id at 95-96*. Subsequently, United States v. Brockamp, *519 U.S. 347 (1997)*, a tax refund case, was decided. In Brockamp, the Ninth Circuit had determined that petitioners who suffered from alcoholism and senility, were entitled to equitable tolling of 36 U.S.C. section 6511. *519 U.S. at 319*. Although the Supreme Court concluded that section 6511 should not be subject to equitable tolling because the Irwin presumption had been rebutted, it said that **"[mental disability], we assume, would permit a court to toll the statutory limitations period."***Id at 348*. <u>Therefore, the Court has intimated that tolling based on mental incapacity is allowed.</u> More recently, it decided Young v. United States, *535 U.S. 43 (2002)*, a bankruptcy case that involved whether 11 U.S.C. section 507(a)(8)(A)(i)'s lookback period could be tolled during the pendency of a prior bankruptcy petition. The Court noted that equitable tolling has been widely permitted in the two situations acknowledged in *Irwin*, supra, and its progeny. *Young, 535 U.S.at 50*. Significantly, and of critical importance to the outcome of *Young,* the Supreme Court said, "**We have acknowledged, however, that tolling might be appropriate in other cases, and this we believe is one.**" Id. (citations omitted). Equitable tolling of federal statues of limitations is therefore available in more than the two circumstances described in *Irwin* and *Bailey*. See Nunnally v. MacCausland, *996 F. 2d 1, 5 n.7 (1st Cir. 1993)*. ("*A fair reading of Irwin, however, shows that the Court did not undertake an exhaustive list of factors that may be considered in the equitable weighing process.*"). In addition to the guidance provide by the Supreme Court, several

circuits have allowed equitable tolling based on mental illness. This circuit has established that mental incapacity is a suitable basis on which to equitably toll a statue of limitations. See *Melendez-Arroyo v. Culter-Hammer DE P.R., Co.*, 273 F.3d 30, 39 (1st Cir. 2001) (the mental illness must have been "so severe that the plaintiff was [un]able to engage in rational thought and deliberate decision making sufficient to pursue [her] claim alone or through counsel." Remanding for factual inquiry into whether plaintiffs mental state warranted equitable tolling); *Nunally*, 996 F. 2d at 5 (holding that 5 U.S.C. section 7703(b)(2) can be tolled due to mental incapacity); *Oropallo v. United States*, 994 F. 2d 25, 28 n. 2 (1st Cir. 1993)(holding that 26 U.S.C. section 6511 may not be equitably tolled, but that mental incapacity is grounds for tolling when available.). The Second, Sixth, Seventh, Ninth and D.C. Circuits have held the same in a variety of circumstances. See *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F. 3d 74, 80 (2d Cir. 2003) ("Equitable tolling is generally considered appropriate where... a plaintiff's medical condition or mental impairment prevented her from proceeding in a timely fashion.") (citations omitted); *Chapman v. Choicecare Long Island Term Disability Plan*, 288 F. 3d 506, 514 (2d Cir. 2002)(recognizing mental incapacity as a basis for equitable tolling under ERISA); *Brown v. Parkchester S. Condos.*, 287 F. 3d 58, 60 (2d Cir. 2002) (Title VII case finding that plaintiff proffered sufficient evidence to warrant a hearing on whether her mental incapacity required tolling); *Boos v Runyon*, 201 F. 3d 178, 184 (2d Cir. 2000)(holding that 29C.F.R. section 1614.105(a)(1) is subject to equitable tolling based on mental illness); *Canales v Sullivan*, 936 F. 2d 755, 756 (2d Cir. 1991)(holding that 42 U.S.C. section 405(g) may be equitably tolled based on a plaintiff's mental impairment); *Cantrell v Knoxville Cmty. Dev. Corp.*, 60 F. 3d 1177, 1180 (6th Cir. 1995)(holding that attorney's mental illness may justify equitable tolling); *Miller v. Runyon* 77 F.3d 189, 191 (7th Cir. 1996)(finding that 29 U.S.C. section 791 may be tolled "if the plaintiff because of disability, irremediable lack of information, or other circumstances beyond his control just cannot reasonably be expected to sue in time"); *Stoll v Runyon*, 165 F. 3d 1238, 1242 (9th Cir. 1999)(holding that mental incapacity is an extraordinary

circumstance that may warrant equitable tolling); *Smith-Hayne v Dist. of Columbia, 155 F 3d 575, 579 (D.C. Cir. 1998)* (holding that the doctrine of equitable tolling "can fairly be read to encompass cases where a plaintiff has been unable to [timely file] because of disability"). The Third Circuit has allowed equitable tolling based on mental illness, but has limited its application. In Lake v Arnold, 232 F 3d 360, 364 (3d Cir. 2000), a mentally retarded women sued her family and physicians for having sterilized her without her consent. She filed her 42 U.S.C. section 1983 and 1985 claims outside the applicable two-year statue of limitations. Id. The court determined that the statue of limitations could be tolled because the incompetence that caused the delay also "motivated to some degree, the injury that [s]he sought to remedy." Id at 371.

Equitable Tolling Is Warranted Under First Guidelines

Unrepresented by counsel during the relevant filing period, the documented severity of his mental disability resulted in plaintiff's inability to engage in rationale thought and deliberate decision-making, necessary to pursue his claim alone.


Respectively submitted, this October 5, 2004

*[signature]*

KEITH D. WASHINGTON, PRO SE
6265 MAGNOLIA RIDGE
STONE MOUNTAIN, GEORGIA 30087
TEL: 770 465 4088

**ATTACHMENTS:**
   A. October 7,1997: Medical Opinion from treating physician
   B. February 23,1998: Social Security Administration Disability Notice
   C. September 10,1998: Department of Veterans Affairs Rating Decision
   D. November 17,1998: Medical Opinion from treating physician
   E. August 14,2000: Social Security Administration Disability Notice