# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

KEITH D. WASHINGTON,
    *Plaintiff*

Vs

Massachusetts Commission Against Discrimination;

04 12141 DPW

MARY C. GARIPPO, in her individual and official
Capacity as Investigator at Massachusetts
Commission Against Discrimination;

KATHERINE M. MARTIN, ESQ. in her individual and official
Capacity as Supervisor at Massachusetts
Commission Against Discrimination;

DOUGLAS T. SCHWARTZ, in his individual and official
Capacity as Investigating Commissioner, at
Massachusetts Commission Against Discrimination;

DORCA I. GOMEZ, in her individual and her official
capacity as Chairwomen at Massachusetts Commission
Against Discrimination
    *Defendant(s)*

## PLAINTIFF'S MOTION THAT DEFANDANTS BE DENIED QUALIFIED IMMUNITY

Plaintiff, Keith D. Washington, pro se files this Motion and says

### I. DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY

MCAD without benefit of depositions, answers to interrogatories, admissions on file, affidavits, live testimony or oral argument, although multiple material facts were in dispute, published stigmatizing information regarding the reasons for petitioner's separation from State Street Bank & Trust Company, which is disputed. The United States Supreme Court has affirmed "[w]here a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential." *Wisconsin v. Constantineau, 400 U.S. 433, 437.*

## II. MCAD's Conduct Violated Plaintiff's Constitutional Right to A Name-Clearing Hearing

A. As early as 1972, in *Board of Regents v. Roth, 408 U.S. 564, 573(1972)*, the United States Supreme Court established that a terminated employee has a constitutional based liberty interest in clearing his name when stigmatizing information regarding the reasons for termination is publicly disclosed. Failure to provide a "name-clearing" hearing in such a circumstance is a violation of the .... due process clause.

B. Publication of stigmatizing information in this case occurred when MCAD published it's Memorandum and findings, accepting hotly disputed allegations by counsel for State Street Bank & Trust Company, <u>made only after the compliant was filed</u>, as fact.

## III. It is Reasonable To Expect That MCAD Would Have Been Aware That Publishing Stigmatizing Information Is Unlawful Absent A Name-Clearing Hearing.

A. Preexisting federal law as determined by the Supreme Court provided MCAD with fair warning that it's conduct was unlawful. MCAD findings dated December 17,1997. *Roth,* decided in 1972, gave "fair warning" that an employee's liberty interest is implicated if a charge of improper conduct impairs the employee's reputation for honesty or morality. "The procedural protections of due process apply if [as in this case] the accuracy of the charge is contested, there is some public disclosure of the charge, and it is made in connection with the termination of employment....

B. In this country where racism is institutionalized, there is no doubt that MCAD's findings, which alleged, "...***After discovery of Complaint's improprieties of respondent's money, Respondent gave Compliant the option of resignation or termination***. ..." Would seriously impair Petitioner's outstanding reputation for honesty and morality among family, friends and within the global financial services industry where he has worked in positions of increasing responsibility for +30 years, with the expected adverse financial consequences.

C. Although the allegations were hotly disputed, MCAD's failure to provide plaintiff any opportunity to be heard on this material point, which clearly

had severe adverse consequences to his reputation and integrity, represented a clear violation of federal law regarding the minimum requirements of due process as determined by the Supreme Court.

D. Defendant's knew or should have known that publication of it's findings with stigmatizing information demanded the procedural protections of due process be applied.

## IV. MCAD's Published Findings Violated Plaintiff's Constitutional Right's – To Due Process By Depriving Him of Liberty Interest.

A. The United States Constitution provides in relevant part: " No person shall... be deprived of life, liberty, or property, without due process of law..."

   1. *Wisconsin v. Constantineau, 400 U.S. 433 (1971)*: "Where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential."

   2. *Board of Education v. Roth, 408 U.S. 564, decided* in 1972, gave "fair warning" that an employee's <u>liberty interest</u> is implicated if a charge of improper conduct impairs the employee's reputation for honesty or morality. "The procedural protections of due process apply if [as in this case] the accuracy of the charge is contested, there is some public disclosure of the charge, and it is made in connection with the termination of employment...."

B. State Street Bank & Trust Company honored its obligation to pay Plaintiff unemployment compensation in accordance Massachusetts Law. Given that the purpose of unemployment compensation is to provide compensation for those who are thrown out of work <u>through no fault of their own.</u> *Martin v. Ring, 401 Mass. 59; 61 (1987)*" quoting *Fireside Motors, Inc. v. Nissan Motor Corp. in U.S.A., 395 Mass. 366, 372(1985)*. The judicial doctrine of collateral estoppel provides that "[w]hen an issue of fact or law is actually litigated and determined valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in subsequent action between the parties, whether on the same or a different claim. Id at 62, quoting *Fidler v. E.M. Parker Co., 394*

*Mass. 534, 541 (1985).* "The doctrine may be applied with respect to **administrative agency determinations** so long as the tribunal rendering judgment has the legal authority to adjudicate the dispute. "the guiding principle in determining whether to allow defensive use of collateral estoppel is whether the party against whom it is asserted "lacked full and fair opportunity to litigated the issue in the first action or [whether] other circumstances justify affording an opportunity to relitigate the issue." Petitioner alleges the four criteria established by the court have been met:

1. Was there a final judgment on the merits in the prior adjudication?
   ***Affirmative***: The uncontested payment of unemployment benefits represents a final determination by an administrative agency with legal authority to adjudicate the issue as follows: (1) Petitioner was thrown out of work through no fault of his; (2) Taking into consideration all factors, including claimants mental state, no knowing violation of uniformly enforced rule has occurred.

2. Was the party against whom estoppel is asserted a party to the prior adjudication?
   ***Affirmative***: State Street Bank & Trust Company is party in both actions.

3. Was the issue decided in the prior adjudication identical with the one presented in the action in question?
   ***Affirmative***: In petitioner's claim for unemployment benefits, under M.G.L. 151B, the terms of petitioners separation was determined with State Street Bank & Trust Company full agreement, to be "by mutual agreement". State Street Bank & Trust Company had full and fair opportunity to litigate petitioner's eligibility for unemployment benefits and did not.

4. Was the issue decided in the prior adjudication essential to the judgment in this adjudication?
   ***Affirmative***: At no time prior to petitioners protected activities did State Street Bank & Trust Company contest the terms of petitioner's separation, which is the critical factor in determining contractual eligibility for severance benefits.

<u>Patriot Cinema, Inc v. General Cinema Corp. 834 F. 2d. (1997)</u>,

"... if parties feel free to select contradictory positions before different tribunals to suit their ends, the integrity and efficacy of the courts will suffer." : <u>Commissioner of the Dept. of Employment & Training v. Dugan, 428 Mass. 138, 143 (1998)</u> "In some cases, even if the overlap may be so substantial that preclusion is plainly appropriate."

Plaintiff asserts for the purpose of preclusion, the issues regarding his separation have been resolved by the administrative judge and are identical to the issues raised by State Street challenging his discrimination claim. For MCAD to ignore these well-established fundamental principles of clearly defined law amounts to gross negligence. State Street's response to this compliant represents illegal retaliatory suppression of valid challenges to illegal workplace discrimination.

## REASONS FOR DENYING QUALIFIED IMMUNITY

Much like the Spanish Inquisition, the English Court of Star Chamber and the French monarchy's abuse of the *lettre de cachet*, MCAD's gross negligence in the handling of this compliant is clearly a menace to liberty that if not soundly rejected has the potential to impacts all of us. Few things are more immutable in the application of our legal system than the concept of due process. Plaintiff asserts that with workplace discrimination complaints rapidly increasing, with African-Americans still very much the victims of deep-seated racial stereotyping as evidenced by the research of a sociologist Devah Pager[1]:

> "**Today in America you have a better chance of being called back for a job interview if you're white with a criminal record than you do if you're black with a clean record- never having been arrested or convicted.**"

Defendant's violation of clearly defined federal laws as defined by the Supreme Court raises important issues regarding the quality of its investigative training, supervision and adequacy of internal control procedures. The issues here are not

---

[1] "Racial Discrimination is Still at Work in U.S." Wall Street Journal, September 4, 2003

complicated and there is no ambiguity in federal law governing publication of stigmatizing employee information, qualified immunity is not warranted.

Respectively submitted, this October 5, 2004

*[signature]*

KEITH D. WASHINGTON, PRO SE
6265 MAGNOLIA RIDGE
STONE MOUNTAIN, GEORGIA 30087