UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                   )
**KEITH D. WASHINGTON,**           )
                                   )
    **Plaintiff,**              )
                                   )    C.A. No. 04-12141-DPW
**v.**                             )
                                   )
**MASSACHUSETTS COMMISSION**       )
**AGAINST DISCRIMINATION, et al.,**)
                                   )
    **Defendants.**             )
_____)


**DEFENDANTS' MEMORANDUM IN SUPPORT
OF THEIR MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

After three unsuccessful lawsuits challenging the termination of his employment by State Street Bank and Trust Company,[1] the last of which risked Rule 11 sanctions,[2] plaintiff Keith D. Washington ("Washington") has now brought yet another lawsuit regarding his termination, this time against the defendant Massachusetts Commission Against

---

[1] Washington v. State Street et al., No. 98-11868-DPW (D.Mass. Sept 1, 1998); No. 00-1419, 02-1535, 03-2358 (1st Cir.); Washington v. State Street et al., No. 98-12483 (D.Mass. December 8, 1998); Washington v. State Street, et al., No. 99-12419-DPW (D.Mass. November 16, 1999); Nos. 00-2202, 02-2272, 02-2306, 02-2652, 02-2653, 04-1140 (1st Cir.); petition for cert filed, No. 01-7951 (U.S. Sup.Ct).

[2] "Washington's third suit coupled with an endless stream of motion filings...border[s] on the vexatious. Consequently, Washington is warned that the filing of actions in the future that rely on the same set of facts underlying the previous lawsuits could result in the imposition of sanctions." Memorandum and Order, slip op. at 15, Washington v. State Street Bank & Trust Company, et al., C.A. No. 99-12419-DPW (D.Mass. August 8, 2000). A copy is attached as Exhibit A for the Court's convenience.

Discrimination ("MCAD"), and certain of its officials. Washington claims that these defendants are liable for violation of due process, defamation, libel, invasion of privacy, and negligent misrepresentation, based entirely on language excerpted from a December 17, 1997 MCAD Memorandum dismissing Washington's complaint for lack of jurisdiction.[3] Leaving aside the statute of limitation and its patent untimeliness,[4] Washington's latest lawsuit is barred by the doctrine of absolute immunity.

It has long been established that an agency and its officials are entitled to absolute immunity from liability for damages for "judicial, prosecutorial and legislative" acts. Harlow v. Fitzgerald, 457 U.S. 800, 811 (1982); see Butz v. Economou, 438 U.S. 478, 514 (1978). "An agency official...may have broad discretion in deciding whether a proceeding should be brought and what sanctions should be sought," and therefore may be likened to a prosecutor protected by absolute immunity. Butz, 438 U.S. at 515. When an agency rejects a complaint on procedural grounds, or dismisses it as unmeritorious, it is performing an adjudicatory function and is entitled to absolute immunity. See Wang v. New Hampshire Board of Registration in

---

[3]  Complaint, ¶¶ 14-16.
[4]  The applicable 3-year statute of limitations ran out almost four years ago on the Memorandum on December 17, 2000.

Medicine, 55 F.3d 698, 701-702 (1st Cir. 1995)(absolute immunity for members of state board of registration in medicine). Were it otherwise, agency officials would be subject to endless litigation and less likely to exercise their agency's full and proper authority. See Coverdell v. Department of Social & Health Services, 834 F.2d 758, 765 (9th Cir. 1987).

The MCAD is charged with the investigation and adjudication of complaints alleging unlawful discrimination in the workplace. M.G.L. c. 151B, § 3(5) & (9); Lynn Teachers Union, Local 1037 v. Massachusetts Comm'n Against Discrimination, 406 Mass. 515, 523 (1990); Rock v. Massachusetts Comm'n Against Discrimination, 384 Mass. 198, 206 (1981). Washington's lawsuit is based entirely on language used in an MCAD Memorandum in the dismissal of Washington's complaint for lack of jurisdiction.[5] This language and the decision to dismiss, of which it was an integral part, were within the prosecutorial or adjudicative discretion of the agency and, accordingly, are protected by the doctrine of absolute immunity.

Absolute immunity "is not overcome by allegations of bad faith or malice, the existence of which ordinarily

---

[5] Complaint, ¶ 14. A complete copy of the excerpted Memorandum and its accompanying Dismissal and Notification of Rights are attached as Exhibit B.

cannot be resolved without engaging in discovery and eventual trial."  Mireles v. Waco, 502 U.S. 9, 11 (1991)(per curiam).  Washington's lawsuit does no more than allege these deficiencies and must, therefore, be dismissed or judgment entered in favor of the defendants.

>DEFENDANTS MASSACHUSETTS
>COMMISSION AGAINST DISCRIMINATION,
>MARY C. GARIPPO, KATHERINE M.
>MARTIN, ESQ., DOUGLAS T. SCHWARTZ,
>and DORCA I. GOMEZ,
>
>By their Attorneys,
>
>THOMAS F. REILLY
>ATTORNEY GENERAL
>
>
>/s/Charles M. Wyzanski
>Charles M. Wyzanski
>BBO #536040
>Assistant Attorney General
>Trial Division
>One Ashburton Place
>Boston, Massachusetts 02108
>Tel. No. 617-727-2200, ext. 3093