# EXHIBIT A



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KEITH WASHINGTON,
    Plaintiff,

v.

STATE STREET BANK & TRUST
COMPANY, ET AL.,
    Defendants.

CIVIL ACTION NO.
99-12419-DPW

MEMORANDUM AND ORDER
August 8, 2000

    This is the plaintiff Keith Washington's third suit against State Street Bank & Trust Co. and other defendants in his attempt to right wrongs he alleges he suffered in connection with the termination of his employment. In this latest suit, plaintiff sues seventeen defendants. Seven of the defendants were specifically named in either one or both of the previous suits.[1] In the two previous suits, I granted defendants' motions for dismissal and summary judgment. Several of the defendants named in these previous suits move for dismissal asserting that the prior judgments preclude plaintiff's current suit or, alternatively, that plaintiff's complaint fails to state a claim for which relief can be granted.

    For his part, the plaintiff moves for summary judgment against one defendant, his former employer, on a breach of contract claim and also. moves for leave to amend his complaint

---

[1] These seven defendants are State Street Bank & Trust Co., Masterman Culbert & Tully, L.L.P., Mary E. O'Neal, Esq., Patricia A. Granger, Esq., Liberty Mutual Insurance Co., Latronico & Whitestone, and Jean M. Shea, Esq. (collectively, the "Prior Defendants")



In addition to these motions, I have pending before me a motion for imposition of Rule 11 sanctions against the plaintiff.

The standards of review for failure to state a claim and for determining the res judicata effect of prior judgments frame the setting created by the plaintiff's third suit and are the appropriate starting points for discussion.

## I. STANDARDS OF REVIEW

### A. Dismissal for Failure to State a Claim

In assessing whether dismissal for failure to state a claim is appropriate, "the trial court must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998) (citations omitted). However, "[d]espite the highly deferential reading which we accord a litigant's complaint under Rule 12(b)(6), we need not credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation." Correa-Martinet v. Arrillaaa-Belendez, 903 F.2d 49, 52 (1st Cir. 1990). I may only grant dismissal if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Roeder v. Alpha Indus., 814 F.2d 22, 25 (1st Cir. 1987) (quoting J.: J--~ 355 U.S. 41, 45-46 (1957)).

A court must take special care when ruling on motions

2

concerning pleadings **filed, as here, by pro se** litigants because they are held to a less stringent standard than those drafted by lawyers. <u>Gonyer v. McDonald,</u> 874 F.Supp. 464 (D. Mass. 1995). When the Court looks to the allegations in a pro se litigant's complain "if under any theory they are sufficient to state a cause of action in accordance with the law, a motion to dismiss the complaint must be denied." <u>Id.</u> at 466. This standard requires indulgence in accepting the truth of the factual averments of the complaint and the consideration of every inference helpful to the plaintiff's claim.

### B. The Doctrine of Res Judicata

The federal law of res judicata governs the preclusive effect of a prior federal court judgment on a subsequent action brought in federal court. <u>In re El San Juan Hotel Corp.,</u> 841 F.2d 6, 9 (1st Cir. 1988). "Under the federal law of res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were raised or could have been raised in that action." <u>Apparel Art International, Inc. v. Amertex Enterprises Ltd.,</u> 48 F.3d 576, 583 (1st Cir. 1995) (citing <u>Allen v. McCurry,</u> 449 U.S. 90, 94 (1980)) The policy reasons supporting the doctrine are "reliev[ing] parties of the cost and vexation of multiple

---

The prior judgments were entered under this court's federal question and diversity jurisdiction. The First Circuit has held that the federal law of res judicata governs in both situations. <u>Apparel Art International, Inc. v. Amertex Enterprises Ltd.</u> 48 F.3d 576, 583 n. 7 (1st Cir. 1995) -

3

lawsuits, conserv[ing] judicial resources, and, by preventing inconsistent decisions, encourag[ing] reliance on adjudication <u>Allen,</u> 449 U.S. at 94.

For a claim to be precluded three elements are required: 1) a final judgment on the merits in an earlier suit; 2) sufficient identity between the causes of action asserted in the earlier and later suits; and 3) sufficient identity between the parties in the two suits. <u>Apparel Art International,</u> 48 F.3d at 583.

## II. DEFENDANTS' MOTION FOR DISMISSAL

In evaluating the merits of the defendants' motions, I begin with a detailed description of the chronology and substance of the previous suits filed in this court as well as the present suit.

### A. The Three Lawsuits

Washington filed his first action in this court (98-CV-11868-DPW) on September 14, 1998, alleging three counts against State Street Bank & Trust Co. ("State Street") and Prudential Insurance Co. ("<u>Washington I</u>"). The three counts were for violation of § 502 of ERISA, discrimination on the basis of disability in violation of the ADA, and discrimination on the basis of race in violation of Title VII. The complaint was brought in connection with Washington's resignation from State Street and his subsequent application for disability benefits under State Street's ERISA welfare benefit plan. The court's jurisdiction was based on federal question.

While the defendants' summary judgment motion was pending,

Washington moved to amend his complaint to add claims of postemployment retaliation and an additional ERISA violation. I denied Washington's motion to amend, deciding that these new claims should properly be pursued, if at all, in a new action.

Washington meanwhile had filed his second action (98-Cv-12483-DPW) on December 8, 1998, suing State Street, Masterman, Culbert & Tully, L.L.P., Mary O'Neal, Patricia Granger, Liberty Mutual Insurance Co. ("Liberty Mutual"), Latronico & Whitestone, and Jean Shea alleging defamatory statements made concerning the plaintiff ("<u>Washington II</u>"). The cause of action was based on defendants' behavior in response to plaintiff's discrimination complaints filed with the Massachusetts Commission Against Discrimination (MCAD), the EEOC, and the Department of Industrial Accidents (DIA). The court's jurisdiction was grounded in diversity.

Washington moved to amend his complaint in the second action to add additional claims while the defendants' motion to dismiss was pending. Washington's proposed amended complaint alleged additional claims of intentional infliction of emotional distress, negligence, misrepresentation, breach of contract, vicarious liability, legal malpractice, negligent supervision, interference with contractual relations, and a violation of M.G.L. c. 1519 5 4(1). I denied the motion to amend without prejudice to assertion in whole or part in a separate action. Washington then filed an "Ex Parte Motion" to amend his complaint. I denied this motion to amend, but permitted him to

file a supplemental memorandum with respect to the pending dismissal motion.

Washington filed the instant third action against the seventeen named defendants on November 12, 1999 ("Washington III"). He prefaces his complaint with the following: "This action is related to 98cv11868-DPW, in the interest of judicial economy all pleadings, responses and exhibits are incorporated herein by reference." The complaint then alleges Conspiracy to Deprive Civil Rights (Count I) ; Wrongful Termination (Count II); Intentional Infliction of Emotional Distress (Count III); Interference with contractual and/or advantageous relations (Count IV) ; Obstruction of Justice (Count V) ; Vicarious Employer Liability (Count VI); Gross negligence (Count VII); Retaliation (Count VIII); and Breach of Contract (Count IX). This action largely arises out of Washington's termination from State Street and defendants' subsequent behavior in response to his request for disability benefits and his complaints before the MCAD, EEOC, and DIA.

### B. Legal Analysis

I begin my analysis examining whether the elements o` res judicata are met. The first element--the requirement of a final judgment on the merits--is easily satisfied here. I entered two valid and final judgments in favor of the prior defendants on the complaints filed in shington's previous suits: one was granted on a motion for summary judgment; the other on a motion for dismissal for failure to state a claim. See Restatement (Second)

of Judgments § 19 cmt. g (summary judgment is judgment on the merits) & cmt. d (dismissal for failure to state a claim is judgment on the merits) (1982). See also Marcano Arroyo v. K-Mart Inc., 81 F.Supp.2d 301, 306 (D. P.R. 1999).

The second element requires identity of cause of action. This requirement is met "as long as 'the new complaint grows out of the same transaction or series of connected transactions as the old complaint." Kale v. Combined Ins. Co. of America, 924 F.2d 1161, 1166 (1st Cir. 1991) (quoting Isaac v. Schwartz, 706 F.2d 15, 17 (1st Cir. 1983)). The focus in determining if the claims raised in the three suits are sufficiently related is "whether the underlying facts of both transactions were the same or substantially similar." Kale, 924 F.2d at 1166 (quoting Manego Orleans Bd. of Trade, 773 F.2d 1, 6--(1st Cir. 1985), cert. denied 475 U.S. 1084 (1986). See also Apparel Air International, 48 F.3d at 583 (adopting the Restatement (Second) of Judgments transactional approach to determine the identity of the underlying claims or causes of action). "Although a set of facts may give rise to multiple counts based on different legal theories, if the facts form a common nucleus that is identifiable as a transaction or series of related transactions, then those facts represent one cause of action." Apparel Art International, 48 F.3d at 583-584.

In examining the contours of a cause of action, the First Circuit has listed several factors to assist a court in determining whether a party has advanced claims in multiple

7



litigations which derive from the same nucleus of operative facts: 1) whether the facts are related in time, space, origin or motivation; 2) whether the facts form a convenient trial unit; and 3) whether treating the facts as a unit conforms to the parties' expectations. <u>Id.</u> at 584.

1.

Because of the disjointed presentation of Washington's claims, I will examine each count separately to determine if it is precluded, if party identity can be shown, or, alternatively, if it fails to state a claim for which relief can be granted.

Count One of <u>Washington III</u> alleges conspiracy to deprive Washington of his civil rights by withholding documents, misrepresenting facts, and making defamatory statements- I find this count to be related to the facts of <u>Washington II.</u> Thus, judgment in that suit precludes this claim.

Count Two alleges wrongful termination by State Street because he was regarded as being disabled. I find this claim duplicative of Washington's ADA count in <u>Washington I.</u> Consequently,    is precluded.

Count Three alleges intentional infliction of emotional distress caused by all the defendants. Washington does not plead any facts in support of this count rendering his claim nothing

---

There is little specificity in the complaint about which defendants) Washington charges with a particular activity. Consequently, my recitation as to each count does not always identify specific defendants.

more than a bald assertion. Thus, I will dismiss it as a failure to state a claim under Fed. R. Civ. P. 12(b)(6).

**Count Four** alleges interference with contractual and/or advantageous relations by regarding Washington as disabled. For the reason identified with respect to Count Two, I find this count precluded.

**Count Five** alleges obstruction of justice by making false and defamatory statements in connection with Washington's claim with the DIA. This count is duplicative of Washington II and is barred.

Count **Six** alleges vicarious employer liability, but suffers the same fatal flaw as Count III: no facts are pled to support Washington's assertion. Consequently, the claim will be dismissed under Rule 12(b)(6).

**Count Seven** alleges gross negligence by State Street in influencing Liberty Mutual and preventing Liberty Mutual from being guided by objective credible facts. Washington pleads no facts in support of this claim which alone merits dismissal under Rule 12(b)(6) I note additionally, however, that the claim is also precluded because the claim alludes to his application for disability benefits, the factual circumstances underlying Washington I. Consequently, both for Rule 12(b)(6) and preclusion reasons, Count Seven will be dismissed.

Count Eight alleges retaliation for filing complaints with the MCAD and EEOC and seeks damages under Title VII and the ADA.

9

**This claim** appears similar to the claim of postemployment retaliation that Washington moved to add to his complaint in Washington I. I denied that motion to amend his complaint deciding that the new claim should properly be pursued, if at all, in a new action. Washington has formally done that here, but as with several other counts in his latest complaint he makes nothing more than bald, unsupported conclusory assertions. Consequently, I will dismiss this count pursuant to Rule 12(b)(6).

Only Washington's Count **Nine** can arguably survive the hurdles of 12(b)(6) and preclusion. Washington alleges State Street breached its employment contract with him by failing to provide him with a salary increase upon promotion to Senior Vice President in April 1996. Additionally, Washington alleges that State Street failed to provide him with an executive severance package consistent with what other senior executives were given. I do not find this claim precluded by either of the prior two suits. The underlying facts giving rise to this claim would have their origins in the alleged employment contract, facts not relied upon in either of the previous suits. It may additionally be argued that by denying a motion to amend as to the contract, I withdrew the claim from the ambit of the prior judgment. Accordingly, I do not find Count Nine precluded.

In the alter.alive, State Street argues for dismissal highlighting Washington's failure to identif a legally binding contract mandating a salary increase upon promotion or an

L

executive severance package upon separation from the company. On this ground, even applying the principle of relaxed pleading requirements for pro se litigants, I find Count Nine does not state a contract cause of action. Washington identifies no contractual understandings concerning salary or severance_ Rather he refers to "guidelines" and "consisten[cy]" with treatment of others. This is inadequate pleading of a contract claim Accordingly, I will dismiss the count for failure to state a claim upon which relief can be granted.

2.

The only remaining element to be satisfied to give preclusive effect to the prior judgments over the claims I have identified in Section II.B_1 as presenting substantially similar causes of action is the requirement of identity of parties. I find identity of parties with respect to all defendants except Robert Weiner, M.D.

Identity is obvious in so far as the suit pertains to the Prior Defendants. Moreover, as State Street has noted in its memorandum supporting its motion to dismiss, Defendants Edward I. Masterman, Andrew C. Culbert, Neal C. Tully, Paul L. Baccari, James D. Masterman, Jeffrey H. Lerer, and Robert D. Williams are partners of Masterman, Culbert & Tully, a Prior Defendant. In its memorandum in support of dismissal, Liberty Mutual identifies Lois Deharo as its employee. "Under the federal law of res judicata, a person may be bound by a judgment even though not a party if one of the parties to the suit is so closely aligned

11

with his interests as to be his virtual representative." <u>Aerojet-General Corporation v. Askew,</u> 511 F.2d 710, 719 (5th Cir. 1975). As partners of Masterman, Culbert & Tully, I find the listed defendants are so aligned and may invoke the doctrine to bar the present action against them. Defendant Lois Deharo, as an employee of Liberty Mutual, is similarly aligned and also enjoys the protection of the doctrine.

### C. Motions to Amend

I turn finally to Washington's motions for leave to amend his complaint. In his first proposed amended complaint, Washington pleads two counts against the seventeen defendants-- Racketeer Influenced and Corrupt Organizations Act (RICO) and conspiracy to deprive of civil rights. Washington seeks minimum compensatory damages of $25 million and minimum punitive damages of at least $50 million. In his second proposed amended complaint, Washington alleges ten counts: Deprivation of rights under color of law (I); Obstruction of justice-False Statements (II & III) ; Obstruction of Justice-Withholding Material Information (IV & V); Obstruction of Justice-Judicial Fraud (VI); Deprivation of Civil Rights (VII); Harassment and Retaliation (VIII); Deprivation of Civil Rights (IX) ; and Accessory After the Fact (X).

"While motions to amend are liberally granted, a court has the discretion to deny them if it believes that, as a matter of law, amendment would be futile." <u>See</u> <u>Carlo v. Reed Rolled Thread</u>

3~. 790, 792 _st Cir. 19    nte_na    tatioc

omitted) . I discern no viable basis for these additional legal claims and indeed consider them frivolous. Accordingly, deny Washington's motions to amend his complaint.

### III. WASHINGTON'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT NINE

After filing his motion for summary judgment on his breach of contract claim against State Street, Washington filed a request for limited discovery pursuant to Fed. R. Civ. P. 56(f) to "clarify several issues regarding compensation" to "assist this Court in ruling on the currently pending motion [for summary judgment]_" This discovery motion, of course, undercuts the basic premise of a summary judgment motion which must be based on the proposition that no genuine issue of material fact is in dispute But something more underlies Washington '.s discovery request. It appears designed not so much to develop Washington's contract claim--a matter as to which he should have adequate evidence, at least for summary judgment purposes, of the manifestation of understanding between the parties--as to inquire into tine salary and severance arrangements of his former colleagues. In *any* event, my allowance of the motion to dismiss Washington's complaint in its entirety moots both the discovery request and the motion for summary judgment.

### IV. DEFENDANT WEINER'S MOTION FOR REFERRAL TO MEDICAL MALPRACTICE TRIBUNAL

The remaining defendant in this action is Robert Weiner, M.D. ("Weiner") . ;%definer has filed a motion for referral to the Superior Court to convene a medical malpractice tribunal pursuant

13



to Mass. Gen. Laws c. 231 § 602. While Weiner has not filed a separate motion for dismissal pursuant to Rule 12(b)(6), I note that Washington's complaint fails to plead facts sufficient to support recovery under any legal theory against the defendants, including Weiner, on all counts. There is no need to send defective claims to a malpractice tribunal. Accordingly, I will dismiss Washington's complaint against Weiner.

### V. DEFENDANTS' MOTION FOR SANCTIONS

State Street moves for Rule 11 sanctions against Washington characterizing his latest action as frivolous, harassing and made in bad faith, and asks the court to impose on Washington the payment of attorneys' fees incurred by State Street in respect to filing the motion to dismiss and the motion for sanctions. Liberty Mutual has filed a similar motion seeking attorneys' fees as a sanction against Washington.

Rule 11 permits sanctions against counsel where a pleading is made for purpose of harassment; where a claim is asserted that is unwarranted under existing law; or where the allegations and factual contentions lack evidentiary support. Fed. R. Civ. P. 11(b). An award under Rule 11 "shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated," and may include "directives of a nonmonetary nature" or where "warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." Rule 11(c)(2). The

14



imposition of sanctions is discretionary. <u>EEOC v. Tandem Computers, Inc.</u>, 158 F.R.D. 224, 227 (D. Mass. 1994).

Sanctions in this case against Washington as a pro se litigant are inappropriate. While not with any mastery, Washington does attempt to comply with procedural rules. He has filed numerous motions, some prematurely, but I find no per se indication of bad faith or intention to harass the defendants. However, Washington's third suit coupled with an endless stream of motion filings does, however, border on the vexatious. Consequently, Washington is warned that the filing of actions in the future that rely on the same sets of facts underlying the previous lawsuits could result in the imposition of sanctions.

## VI. CONCLUSION

For the reasons stated more fully above, I will

1) GRANT Defendants' motions for dismissal;
2) DENY Plaintiff's motion for summary judgment on Count IX;
3) DENY Plaintiff's request for limited discovery; and
4) DENY Defendants' motions for sanctions.

_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE

# EXHIBIT B

9

MEMORANDUM

TO:   CASE FILE
      Case:  Washington v. State Street Bank & Trust Company
      No:    97-BEM-3045
FR:   Mary C. Garippo
RE:   RECOMMENDATION for DISMISSAL of COMPLAINT

Summary of Complaint:

Whether Respondent subjected Complainant to different terms and conditions in employment on account of his race and color (African-American) and age (D.O.B. 2/1/47), failed to accommodate his disability (stress disorder) and retaliated against him in violation of ML 151B, Sec. 4, P. 1, 1B, 4, & 16, Title VII of the 1964 Civil Rights Act as amended, the ADA, and the ADEA of 1967 as amended.

**Basis for Recommendation:**

The Commission can not investigate Complainant's charge of discrimination because Complainant did not file his complaint within the six-month statute of limitations. After discovery of Complainant's improprieties of the Respondent's money, Respondent gave Complainant the option of resignation or termination. Complainant chose to resign on September 9, 1996. Complainant did not file his complaint with the Commission until July 25, 1997. Complainant's allegations that the Respondent retaliated against him by denying him unemployment and disability benefits as well as a severance package does not extend the statue of limitations. There is also insufficient evidence to indicate that Complainant was too disabled to file since he consulted with attorneys during the appropriate filing time. The complaint is dismissed for lack of jurisdiction.

_____
Mary C. Garippo
Investigator

_____
Katherine M. Martin