IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

KEITH D. WASHINGTON,
    *Plaintiff*

**DOCKET # 04-12141DPW**

Vs

Massachusetts Commission Against Discrimination

MARY C. GARIPPO, in her individual and official
Capacity as Investigator at Massachusetts
Commission Against Discrimination;

KATHERINE M. MARTIN, ESQ. in her individual and
Official Capacity as Supervisor at Massachusetts
Commission Against Discrimination;

DOUGLAS T. SCHWARTZ, in his individual and official
Capacity as Investigating Commissioner, at
Massachusetts Commission Against Discrimination;

DORCA I. GOMEZ, in her individual and official
capacity as Chairwomen at Massachusetts Commission
Against Discrimination

    *Defendant(s)*

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION**

### I. INTRODUCTION

Plaintiff, Keith D. Washington, pro se has filed suit against the named Defendants under 42 U.S.C 1983 for depriving Plaintiff of his "*Liberty*", by publishing stigmatizing information, without due process, in violation of the Fourteenth Amendment of the United States. In addition, Plaintiff seeks compensatory damages for the following torts, Defamation, Libel, Invasion of Privacy and negligent misrepresentation, which are a direct consequence of Defendants unconstitutional acts.

1

## II. STATEMENT OF THE FACTS

On July 25, 1997 Plaintiff filed duel discrimination complaints as follows" (1) MCAD #97-BEM-3045 and (2) EEOC Charge # 16C973396 based on a continuing pattern of race based discrimination culminating with the denial of severance benefits[1] on/or about January 6,1997 and violations under Americans with Disabilities Act. After a preliminary review of the compliant on or about December 17,1997, without prior notice, providing Plaintiff any opportunity to be heard, or identifying the evidence relied on, MCAD published the following Memorandum, prepared by Mary C. Garippo, Investigator, Katherine M. Martin, Esq. "Supervisor", approved by Douglas T. Schwartz, Esq. Commissioner, and disseminated it to the Equal Employment Opportunity Employment Commission, Boston Office, outside counsel for State Street Bank & Trust Company and to the public at large:

*"The Commission cannot investigate Complaint's charge of discrimination because Compliant did not file his compliant within the six month statue of limitations. **After discovery of Complaint's improprieties of respondent's money, Respondent gave Compliant the option of resignation[2] or termination**. Compliant chose to resign on September 9,1996. Compliant did not file his compliant with the Commission until July 25,1997. Complaint's allegations that Respondent retaliated against him by denying him unemployment[3] and disability benefits as well as a severance package does not extend the statue of limitations. There is also insufficient evidence to indicate that Compliant was too disabled to file since he consulted with attorneys during the appropriate filing time. The compliant is dismissed for lack of jurisdiction."*

Plaintiff has written numerous letters to MCAD informing them of the falsity of their 1997 Memorandum and provided dispositive proof thereof. In response MCAD has, (1) stood by it's findings; (2) re-affirmed its support for its findings; and (3) denied any liability for publishing defamatory statements. By acting in this

---

[1] In violation of 151B Section 4 (1) since severance/bridge pay are contractual benefits/privileges of employment, pursuant to State Street's employee manual "Wavelength's".
[2] Plaintiff's termination as an at-will employee was no-fault and was memorialized in a written document
[3] Plaintiff received full unemployment benefits

2

manner Defendants engaged in negligent, irresponsible and libelous conduct to the harm and detriment of Plaintiff., Defendants by their irresponsible and grossly negligent actions enabled and encouraged the fraudulent and retaliatory conduct of State Street Bank & Trust Company.

### III. 42 U.S.C. 1983

Section 1983 provides for a private right of action against public officials who, under color of state law, deprive individuals of rights declared by the Constitution or laws of the United States. A public official accused of civil rights violations is shielded from claims for damages under section 1983 as long as the conduct did not violate rights that were "clearly established" under federal law. *Harlow v. Fitzgerald, 457 U.S. 800, 818-19 (1982); Buentrostro v. Collazo, 973 F. 2d 39, 42 (1st Cir. 1992).* For purposes of this defense, a right is clearly established if the *"contours of the right [are] sufficiently clear that a reasonable official would understand that what he or she is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 91987).*

### IV. PLAINTIFF'S RIGHTS ARE CLEARLY ESTABLISHED BY FEDERAL LAW

1. *Grannis v. Ordean, 234 U.S. 385, 394 (1914)* the Court held:
   *"The fundamental requisite of due process is the opportunity to be heard."*

2. *Wichita R. & Light Co. v. PUC, 260 U.S. 48, 57-59 (1922)* the Court held:
   *"…the decision maker should state the reasons for his determination and indicate the evidence relied on."*

3. *Greene v. McElroy, 360 U.S. 474, 496-497 (1959)* the Court held:
   *"Certain principles have remained relatively immutable in our jurisprudence. One of these is that where governmental action seriously injures an individual, and the reasonableness of the action depends on fact finding, the evidence used to prove the Government's case must be disclosed to the individual so that he has an opportunity to show that it is untrue. While this is important in the case of documentary evidence, it is even more important where the evidence consists of the testimony of individuals whose memory might be faulty or who in fact, might be perjurers or persons motivated by malice, vindictiveness, intolerance, prejudice, or jealousy. We have*

3

*formalized these protections in the requirements of confrontation and cross-examination. They have ancient roots. They find expression in the Sixth Amendment…This Court has been zealous to protect these rights from erosion. It has spoken out not only in criminal cases, …but also in all types of cases where administrative…actions were under scrutiny."*

4. *Wisconsin v. Constantineau, 400 U.S. 433 (1971),* the Court held *"Where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential."*

5. *Board of Regents v. Roth, 408 U.S. 564, 573(1972),* the Court established that a terminated employee has a constitutional based liberty interest in clearing his name when stigmatizing information regarding the reasons for termination is publicly disclosed. Failure to provide a *"name-clearing"* hearing in such a circumstance is a violation of the .... due process clause. *Roth,* gave *"fair warning"* that an employee's liberty interest is implicated if a charge of improper conduct impairs the employee's reputation for honesty or morality. *"The procedural protections of due process apply if [as in this case] the accuracy of the charge is contested, there is some public disclosure of the charge, and it is made in connection with the termination of employment…."*

## V. ARGUMENT

**THE LIKELIHOOD OF PLAINTIFF'S SUCCESS ON THE MERITS AND THE POTENTIAL THAT ANY AWARD OF DAMAGES AGAINST INDIVIDUAL DEFENDANT'S MAY NOT BE COLLECTABLE OUTWEIGH THE NEGLIGIBLE HARM TO DEFENDANTS WHICH WOULD RESULT FROM THE ISSUANCE OF THE REQUESTED INJUNCTION.**

In an effort to preserve an adequate legal remedy, Plaintiff has moved for preliminary injunctive relief. Specifically, Plaintiff request that this Court enter an Order:

a. ***Directing*** that Plaintiff may obtain on an expedited basis discovery (including depositions) from all individual Defendants regarding financial assets available or to be available to satisfy a judgment in favor of Plaintiff.

4

2.  **<u>Defendants Claim Of Absolute Immunity Fail As A Matter Of Law</u>**

Defendants acted with reckless disregard for clearly established federal law and Plaintiffs Constitutional due process rights. Preexisting federal law as determined by the Supreme Court provided Defendants with fair warning that their conduct was unlawful. MCAD published findings dated December 17,1997. *Roth,* decided in 1972, gave "fair warning" that an employee's liberty interest is implicated if a charge of improper conduct impairs the employee's reputation for honesty or morality. "The procedural protections of due process apply if [as in this case] the accuracy of the charge is contested, there is some public disclosure of the charge, and it is made in connection with the termination of employment....

> a. *Ex parte Young, 209 U.S. 123 (1908)* teaches that when a state officer acts under a state law in a manner violative of the Federal Constitution, he *"comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subject in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the Federal Constitution,"*
>
> b. *Bell v. Hood 327 U.S. 678, 684 (1946)*
> *"[W]here legal rights have been invaded, and a federal statue provides for a general right to sue for such invasion, federal courts may use any available remedy to make good the wrong done."*
>
> c. *Scheurer v Rhodes, 416 U.S. 232 (1974)*
> *"The immunity of officers of the executive branch of a state government for acts is not absolute but qualified and of varying degree, depending upon the scope of discretion and [416 U.S. 232,233] responsibilities of the particular office and the circumstances existing at the time the challenged action was taken."*

6

### B. In the Absence Of The Requested Injunction, There Is The Potential For Asset Dissipation And Unenforceability Of A Damage Award

While a party moving for an injunction bears the burden of demonstrating that denial of injunctive relief would cause irreparable harm, "the predicted harm and likelihood of success on the merits must be juxtaposed and weighed in tandem." *Ross-Simon of Warwick, Inc v. Baccarat, Inc., 102 F. 3d at 19.* Irreparable harm is subject to a "sliding scale" analysis, wherein the greater the likelihood of merits success, the less required in the way of irreparable harm. *Gately v. Commonwealth of Massachusetts, 2 F. 3d 1221, 1232 (1st Cir. 1993); EEOC v. Astra USA, Inc., 94 F. 3d 738, 743 (1st Cir. 1996).* Given the likelihood (or, indeed, certainty) of Plaintiffs success on the merits of his compliant, Plaintiff need show only a "cognizable threat" that his legal remedies are inadequate in order to obtain preliminary relief. *Ross-Simons, supra at 18-19.* In the unique circumstances of this case, where Plaintiff claims significant compensatory damages of $25,000,000.00, and has no financial information on any of the individual Defendants, there is a real threat that a judgment against the individual Defendants will be unenforceable in the absence of the injunctive relief sought by Plaintiff. Where a plaintiffs compliant seeks money damages, a preliminary injunction is appropriate "when necessary to protect the damage remedy," Teradyne, Inc. v. Mostek Corp., 797 F. 2d 43, 53 (1st Cir. 1986), or where "necessary to assure the presence of an adequate legal remedy." Unisys Corp. v. Dataware Products, Inc., 848 F. 2d 311, 314 (1st Cir. 1988). Here the lack of financial information on any of the individual Defendants and the Commonwealth of Massachusetts employee indemnity policies raise serious concerns that insufficient assets will be available for collection. The injunction sought by Plaintiff is warranted in the present circumstances to ensure that adequate assets are available for payment of the expected judgment and the execution of such judgment can be accomplished.

### C. The Balance of Relevant Impositions Weighs In Favor of Granting Plaintiff's Motion.

In considering Plaintiff's motion for preliminary injunction, this Court must balance the harm of denying such relief against the harm to Defendants of issuing an injunction. *Hewlett-Packard Co. v. Genrad, Inc.* 882 F. Supp. 1141, 1153 (D. Mass. 1995) As with irreparable harm analysis, where the likelihood of a plaintiff's success on the merits is great, "less weight is given a defendant's loss." *TEC Engineering Corp. v. Budget Molders Supply, Inc* 927 F. Supp. 528, 535 (D. Mass. 1996), quoting *FDIC v. Elio*, 39 F. 3d 1239, 1248 (1st Cir 1994). Here, the likelihood of success on the merits is great and little if any harm will be visited upon Defendants as a consequence of the requested injunction. This injunction specifically excludes normal living expenses, so no harm will follow from the relief requested. Rather the injunction is a "reasonable measure to preserve the status quo pending final determination" of the claims raised in Plaintiff's compliant. See *Teradyne, Inc v. Mostek Corp.*, 797 F2d at 53, quoting *Deckert v. Independence Shores Corporation*, 311 U.S. 282, 290 (1940).

### D. The Injunction Sought By Plaintiff Serves The Public Interest In Compensating Victims Of Reckless And Unlawful Conduct By State Officials

The injunction sought by Plaintiff seeks to assure the presence of an adequate remedy for conduct by state officials that is reckless, tortious, and illegal. To that end, the injunction serves the public interest. Cf *Aversa v. United States*, 99 F. 3d 1200, 1203 (1st Cir. 1996) ('well-founded damage suits promote the public interest in compensating victims and deterring unlawful conduct"). Plaintiff's request for injunctive relief satisfies the four-part test for preliminary injunctive relief and should be granted.

### CONCLUSION

For all the reasons stated above, Plaintiff respectively request this Court to issue a preliminary injunction for the relief requested.

Submitted: December 10, 2004

_____
By: Keith D. Washington, Plaintiff, *pro se*

8