UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
_____
                               )
KEITH D. WASHINGTON,           )
                               )
    Plaintiff,                 )
                               )    C.A. No. 04-12141-DPW
v.                             )
                               )
MASSACHUSETTS COMMISSION       )
AGAINST DISCRIMINATION, et al.,)
                               )
    Defendants.                )
_____)
```

**DEFENDANTS' MOTION FOR A PROTECTIVE ORDER
PURSUANT TO RULE 26(c)
<u>OF THE FEDERAL RULES OF CIVIL PROCEDURE</u>**

NOW come the defendants in this action and, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, move for an Order staying all discovery pending the outcome of Defendants' Motion To Dismiss Or, In The Alternative, For Summary Judgment.

Plaintiff Keith D. Washington ("Washington") has sued, <u>pro se</u>, the Massachusetts Commission Against Discrimination ("MCAD") and certain of its officials ("the defendants") on the basis of a December 17, 1997 Memorandum which denied his MCAD complaint for lack of jurisdiction. As fully set forth in Defendants' Memorandum In Support of Their Motion To Dismiss Or, In The Alternative, For Summary Judgment,

Washington's lawsuit against the MCAD is barred by the doctrine of absolute immunity.

Absolute immunity, like qualified immunity, is intended to protect the government and its officials from the cost of trial <u>and</u> the burdens of discovery.  See <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 817-18 ( 1982).  A court should therefore resolve the dispositive issue of such immunity <u>before</u> allowing discovery to proceed.  <u>Caraballo-Sandoval v. Honsted</u>, 35 F.3d 521, 524 (11th Cir.1994).

Washington has requested via e-mail an extensive production of documents.  Many of these documents have already been provided Washington in his prior state court litigation.  None of them pertain to the dispositive question of absolute immunity and their production would constitute <u>precisely</u> the kind of "annoyance...oppression, or undue burden or expense" which a protective order under Rule 26(c) is designed to prevent.

Accordingly, the defendants respectfully request an Order staying all discovery pending the outcome of Defendants' Motion To Dismiss Or, In The Alternative, For Summary Judgment.

-3-

DEFENDANTS MASSACHUSETTS COMMISSION
AGAINST DISCRIMINATION, MARY C. GARIPPO,
KATHERINE M. MARTIN, ESQ., DOUGLAS T.
SCHWARTZ, and DORCA I. GOMEZ,

By their Attorneys,

THOMAS F. REILLY
ATTORNEY GENERAL


/s/ Charles M. Wyzanski
Charles M. Wyzanski
BBO #536040
Assistant Attorney General
Trial Division
One Ashburton Place
Boston, Massachusetts 02108
Tel. No. 617-727-2200, ext. 3093