**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

```
_____
                                 )
KEITH D. WASHINGTON,             )
                                 )
     Plaintiff,                  )
                                 )   C.A. No. 04-12141-DPW
v.                               )
                                 )
MASSACHUSETTS COMMISSION         )
AGAINST DISCRIMINATION, et al., )
                                 )
     Defendants.                 )
_____)
```

**PLAINTIFFS' MOTION IN OPPOSITION TO DEFENDANTS' MOTION FOR A
PROTECTIVE ORDER PURSUANT TO RULE 26(c)
OF THE FEDERAL RULES OF CIVIL PROCEDURE**

NOW come the plaintiff in this action and, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, in opposition to defendants move for an Order staying all discovery pending the outcome of Defendants' Motion To Dismiss Or, In The Alternative, For Summary Judgment.

Plaintiff Keith D. Washington ("Washington") has sued, pro se, the Massachusetts Commission Against Discrimination ("MCAD") and certain of its officials ("the defendants") on the basis of a December 17, 1997 published Memorandum which deprived plaintiff of his constitutionally guaranteed "Liberty" by containing hotly disputed stigmatizing information without providing any opportunity for a name clearing hearing, disclosing the evidence used to support

its factual findings or providing any opportunity to confront his accusers through cross-examination in clear violation of the Sixth & Fourteenth Amendments to the U.S. Constitution and clearly established law as determined by the U.S. Supreme Court.

As fully set forth in Plaintiffs' Memorandum In Opposition to Defendants' Motion To Dismiss Or, In The Alternative, For Summary Judgment, Washington's lawsuit against MCAD is not barred by the doctrine of absolute immunity, since MCAD has absolutely no designated legislative and/or prosecutorial authority.

Defendants' claim of Absolute immunity is not supported by law and appears to be a stalling tactic. Accordingly, this Court should resolve the dispositive issue of immunity _on a priority basis._

### I. **Defendants' Claims/Allegations are false:**

1. Instant compliant has nothing to do with MCAD's denial of Plaintiffs' discrimination compliant for lack of jurisdiction[1], for which adequate legal remedy is available.

2. None of the requested documents have been previously requested and/or provided to Plaintiff.

3. Plaintiff has never filed any action in state court.

---

[1] Denial was based on the knowing and intentional misrepresentation of material facts by employees and agents of State Street Bank & Trust Co.

## II. Information Requested By Plaintiff:

1. Describe the specific fact-findings steps taken by Defendant "Garippo in her investigation of my discrimination complaints?

2. Describe and provide copies of all evidence used to support her conclusions.

3. What were the specific supervisory steps were taken by Defendants "Martin" and "Schwartz" to validate the findings of "Garippo"?

4. Copies of all MCAD internal communication regarding the handling of my discrimination complaints including but not limited to memorandum, personal notes, emails, fax's.

5. Complete MCAD employment records for all individual Defendants with copies of position descriptions/responsibilities.

6. Copies of MCAD Procedures Manuals/Policy Guidelines/Standard Operating Procedures Memorandum regarding (1) Investigative Procedures (2) Supervisory Procedures and Responsibilities  (3) Regional Commissioner Responsibilities, in effect during the period my compliant was filed.

## III. Blanket Staying of Discovery Would Result In Manifest Injustice:

1. Notwithstanding instant compliant and the unresolved issue of immunity, MCAD as a matter of clearly established federal law has always had a clearly defined obligation to fully, completely and in good faith disclose to Plaintiff, the information requested in **1,2, 3, & 4** above, pursuant to *Greene v. McElroy, 360 U.S. 474, 496-497 (1959)*:

> "Certain principles have remained relatively immutable in our jurisprudence. One of these is that where government action seriously injures an

> *individual and the reasonableness of the action depends on fact finding, the evidence used to prove the Governments Case must be disclosed to the individuals so that he has an opportunity to show it untrue. While this is important in the case of documentary evidence, it is even more important where the evidence consists of the testimony of individuals whose memory might be faulty or who, in fact, might be perjurers or persons motivated by malice, vindictiveness, intolerance, prejudice, or jealousy. We have formalized these protections in the requirements of confrontation and cross-examination. They have ancient roots. They find expression in the Sixth Amendment… This Court has been zealous to protect these rights from erosion. It has spoken out not only in criminal cases... but also in all types of cases where administrative… actions are under scrutiny."*

That none of this information pertains to the dispositive question of absolute immunity is irrelevant and although their production may very well constitute "annoyance...oppression, or expense" for MCAD; compliance with clearly established federal law as defined by the Supreme Court can never be considered discretionary[2].

2. Plaintiff also brought suit against defendants in their respective official capacities pursuant to section 1983, alleging violations of his Sixth and Fourteenth Amendment Rights. Municipalities are liable for constitutional violations resulting from their official policies and customs.

---

[2] This Court should have a strong vested interest in MCAD's investigative procedures since it relied in part on these findings to support its findings of fact and conclusions of law in related compliant 98-11868DPW.